1   LATHAM & WATKINS LLP
        Ernest J. Getto (Bar No. 55662)
2       ernest.getto@lw.com
        Richard W. Raushenbush (Bar No. 134983)
3       richard.raushenbush@lw.com
        Holly J. Tate (Bar No. 237561)
4       holly.tate@lw.com
    505 Montgomery Street, Suite 2000
5   San Francisco, California  94111-2562
    Telephone:  (415) 391-0600
6   Facsimile:  (415) 395-8095

7   LATHAM & WATKINS LLP
        Collie F. James (Bar No. 192318)
8       collie.james@lw.com
        Charity M. Gilbreth (Bar No. 223504)
9       charity.gilbreth@lw.com
    650 Town Center Drive, 20th Floor
10  Costa Mesa, CA 92626
    Telephone:  (714) 540-1235
11  Facsimile:  (714) 755-8290

12  Attorneys for Defendant PepsiAmericas, Inc.

13

14                  UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17  HARRY WHITLOCK, ON BEHALF OF HIS          CASE NO. C-08-2742 SI
    DECEASED CHILDREN MELISSA
    WHITLOCK AND MICHAEL WHITLOCK;            **ANSWER OF DEFENDANT
18  FERN SUE BROYLES; SHEBIA                  PEPSIAMERICAS, INC. TO PLAINTIFFS'
    CORNETT, AS GUARDIAN *AD LITEM*           COMPLAINT**
19  FOR FRANKLIN WINNEMUCKA;
    MELISSA ANASTASIOU DALTON,                (Honorable Susan Illston)
20  INDIVIDUALLY AND AS GUARDIAN *AD
    LITEM* FOR KALA SMITH, REBEKAH
21  MABERRY ANASTASIOU AND
    MICHAEL MABERRY; ANGELA
22  HARRINGTON AS GUARDIAN *AD LITEM*
    FOR JOHN DAVIES, II, MELISSA DAVIES
23  AND MICHELLE DAVIES; LELAND J.
    CHALMERS, JR.; WANDA FARMER;
24  LINDA GAYLE FORD; ALVIN E. FORD;
    TIMOTHY E. FORD; DANIEL W. FORD;
25  TRACY L. FORD; MELINDA J. FORD;
    JUANITA SHUMAKER; DANIELLE
26  SMITH, INDIVIDUALLY AND AS
    GUARDIAN *AD LITEM* FOR DANIEL
27  MENDEZ; MARY SWEET; LORETTA
    THOMSEN; JACK TUTTLE; JO ANN
28  WAKELAND, INDIVIDUALLY AND AS

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    GUARDIAN *AD LITEM* FOR JONATHAN
      WAKELAND; RALPH WEBER; RUTH
2    WEBER,

3                    Plaintiffs,

4           v.

5    PEPSIAMERICAS; WHITMAN
      CORPORATION PNEUMO ABEX
6    CORPORATION; DOES 1-XX,

7                    Defendants.

8    / / /

9    / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1          Defendant PepsiAmericas responds to Plaintiffs' Complaint as follows:

2          1.      Paragraph 1 is a statement of Plaintiffs' allegations and thus no response is

3    required.

4          2.      PepsiAmericas is without knowledge or information sufficient to form a

5    belief as to the truth of the allegation in Paragraph 2 regarding the residency of the Plaintiffs, and

6    therefore denies this allegation.  PepsiAmericas admits that it does not "admit that the

7    contamination is endangering the environment as well as the health, safety and welfare of the

8    City's citizens.  PepsiAmericas denies the remaining allegations contained in Paragraph 2.

9          3.      PepsiAmericas denies each and every allegation contained in Paragraph 3.

10         4.      Paragraph 4 is a statement of the relief sought by the Plaintiffs.  As such,

11   no response is required, but PepsiAmericas denies that it is liable for the relief sought.

12         5.      PepsiAmericas admits that Plaintiffs have attempted to state certain claims

13   under California law, but denies that Plaintiffs' claims have merit.  PepsiAmericas admits that

14   this case is properly before this federal district court and admits that venue is proper in this

15   Court.

16                                    **PARTIES**

17         6.      PepsiAmericas denies the allegation that Remco contaminants may have

18   affected the health of any of the Plaintiffs and the allegations that specific Plaintiffs learned of

19   this effect within the applicable statute of limitations.  PepsiAmericas admits that Plaintiff

20   Leland J. Chalmers, Jr. worked at Remco and was hired on January 17, 1973.  PepsiAmericas is

21   without knowledge or information to form a belief as to the truth of the remaining allegations

22   contained in Paragraph 6.A to 6.N, and therefore denies them.

23         7.      PepsiAmericas admits that, on April 4, 1997, Remco Hydraulics, Inc.

24   executed a quitclaim deed to the real property at 934 South Main Street, Willits, California, in

25   favor of "Willits Environmental Remediation Trust; National Remediation Trust Management

26   Company, L.L.C., a Nevada Limited Liability Company, Trustee."  PepsiAmericas denies the

27   remaining allegations of Paragraph 7.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1            8.      PepsiAmericas admits that, between 1988 and 1997, the former Remco

2    Hydraulics facility at 934 South Main Street, Willits, California was owned by Remco

3    Hydraulics, Inc., a California corporation that no longer exists, and which was a wholly-owned

4    subsidiary of M-C Industries, Inc., a Delaware corporation that no longer exists, and that such

5    Remco Hydraulics, Inc. operated such facility from 1988 to approximately 1995. PepsiAmericas

6    denies the remaining allegations of Paragraph 8.

7            9.      PepsiAmericas admits that Abex Corporation was a Delaware corporation,

8    that Abex Corporation owned and operated a business located at 934 South Main Street, Willits,

9    California through its Remco Hydraulics Division from October 1, 1977 to November 29, 1988,

10   that Abex Corporation became a subsidiary of PA Holdings Corporation on August 28, 1988,

11   that Abex Corporation dissolved in 1990 as part of a consolidation into PA Holdings Corporation

12   on August 25, 1990, that PA Holdings Corporation changed its name to Pneumo Abex

13   Corporation on November 1, 1990, and that Abex Corporation was a predecessor of Pneumo

14   Abex Corporation, a Delaware corporation. Pneumo Abex denies the remaining allegations

15   contained in Paragraph 9.

16           10.     PepsiAmericas admits that, on August 21, 1968, Stanray Corporation

17   acquired the stock of Remco Hydraulics, Inc., a California corporation. On April 24, 1969,

18   Remco Hydraulics, Inc. was merged into American Fabricated Products Co., an Indiana

19   corporation and another subsidiary of Stanray Corporation, and the surviving corporation took

20   the Remco Hydraulics, Inc. name. On August 23, 1971, Remco Hydraulics, Inc., an Indiana

21   corporation, was merged into Stanray Corporation. PepsiAmericas admits that the former

22   Remco Hydraulics facility at 934 South Main Street, Willits, California was operated for a period

23   of time as Harrah Brothers Machine Shop, that Remco Mfg. Co. was incorporated in the State of

24   California on January 25, 1961, that Remco Mfg. Co. changed its name to Remco Hydraulics on

25   April 18, 1961, and that Stanray Corporation acquired the stock of Remco Hydraulics, Inc. on

26   August 21, 1968. Defendant Whitman Corporation was formerly known as IC Industries, Inc.

27   On September 30, 1977, IC Industries, Inc.'s subsidiary, IC Products Company, was merged into

28   Stanray Corporation, which previously became a subsidiary of IC Industries, Inc. on April 26,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    1977 via a merger into S Corporation, which then took the name Stanray Corporation.  On

2    October 1, 1977, Stanray Corporation then took the name IC Products Company and that same

3    day transferred its assets and liabilities (except its Sea Nymph Division) to Abex Corporation, a

4    subsidiary.  In 1990, IC Products Company was merged into Whitman Corporation, which,

5    following additional transactions, was re-named PepsiAmericas, Inc. in January 2001.

6    PepsiAmericas lacks sufficient information to form a belief as to the truth of the remaining

7    allegations contained in Paragraph 10, and therefore denies them.

8              11.    PepsiAmericas denies that, during 2000, "the assets and liabilities of

9    Whitman and Pneumo Amex [sic] were purchased by Defendant Pepsi Americas."

10   PepsiAmericas admits that Remco and M-C Industries filed petitions for bankruptcy on August

11   22, 1995, no longer exist, have no known assets, have no known insurance policies that would

12   provide coverage for the claims asserted in this action, and are not named defendants in this

13   action.

14                          **FACTUAL BACKGROUND**

15                          **Geographical Location**

16             12.    PepsiAmericas denies that Paragraph 12 contains a full and accurate

17   description of the former Remco Hydraulics facility at 934 South Main Street, Willits, California

18   or its surroundings.  PepsiAmericas denies the remaining allegations contained in Paragraph 12.

19             13.    PepsiAmericas admits that a storm drain runs along the northern edge of

20   the former Remco Hydraulics facility at 934 South Main Street, Willits, California, and through

21   a series of pipes, into Baechtel Creek.  PepsiAmericas is without knowledge or information

22   sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13

23   and therefore denies them.

24             14.    PepsiAmericas is without knowledge or information sufficient to form a

25   belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

26             15.    PepsiAmericas admits that water table levels rise in the rainy months, but

27   denies that the allegations contained in Paragraph 15 are a full and accurate description of

28   groundwater conditions and activity at the former Remco Hydraulics facility at 934 South Main

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    Street, Willits, California.  PepsiAmericas denies any remaining allegations contained in

2    Paragraph 15.

3         16.    On information and belief, PepsiAmericas denies that the upper

4    unconfined water bearing zone in Little Lake Valley is an aquifer as alleged in Paragraph 16.

5    PepsiAmericas further denies that any drinking water wells exist on-site or on Franklin Avenue

6    bordering the former Remco Hydraulics facility at 934 South Main Street, Willits, California.

7    PepsiAmericas admits the remaining allegations contained in Paragraph 16.

8         17.    PepsiAmericas denies that Paragraph 17 contains a full and accurate

9    description of aspects of the site or of the toxicological effects of the listed metals and chemicals.

10    PepsiAmericas lacks sufficient information to form a belief as to the truth of the allegations

11    contained in Paragraph 17, and therefore denies them.

12         18.    PepsiAmericas lacks sufficient knowledge to form a belief as to the truth

13    of the allegation regarding the Water Board's discovery of an old underground riverbed.

14    PepsiAmericas denies the remaining allegations contained in Paragraph 18.

15         19.    PepsiAmericas admits that the California Department of Health Services,

16    under a cooperative agreement with the Agency for Toxic Substances and Disease Registry

17    conducted a study of airborne releases of hexavalent chromium from the former Remco facility

18    in Willits, California and reached certain conclusions based upon numerous assumptions utilized

19    in lieu of facts.  PepsiAmericas denies the remaining allegations contained in Paragraph 19.

20         20.    PepsiAmericas admits that manufacturing processes took place inside a

21    main building at 934 South Main Street, Willits, California.  PepsiAmericas denies the remaining

22    allegations contained in Paragraph 20.

23         21.    PepsiAmericas admits that there is a concrete-floored metal building at the

24    former Remco Hydraulics facility at 934 South Main Street, Willits, California, which is

25    approximately 154,000 square feet and was formerly used for offices and manufacturing

26    operations.  PepsiAmericas admits that the eastern end of the building housed office and design

27    facilities for the former Remco facility.  PepsiAmericas admits that six above-ground storage

28    tanks were located in a concrete-bermed area in the northwest portion of the former Remco

1   Hydraulics facility at 934 South Main Street, Willits, California.  These tanks were a 550-gallon

2   gasoline tank, a 550-gallon kerosene tank, a 5,000-gallon waste oil tank, a 5,000-gallon waste

3   coolant tank, a 7,500-gallon diesel tank, and a 9,945-gallon diesel tank.  The two diesel tanks

4   were installed in the mid-1970s, the kerosene tank was installed in the late 1970s, the waste oil

5   and waste coolant tanks were installed in approximately 1981, and the gasoline tank was

6   installed in approximately 1984.  The types of coolants stored in the waste coolant tank

7   reportedly included animal oil based machine coolants.  The four former fuel tanks were sold at

8   auction in August 1996.  The waste oil and waste coolant tanks were decontaminated and

9   disposed of in 1998 in accordance with applicable law.  PepsiAmericas denies any remaining

10  allegations contained in Paragraph 21.

11          22.    PepsiAmericas admits that there were tanks at the former Remco

12  Hydraulics facility at 934 South Main Street, Willits, California during periods of its operation as

13  a manufacturing facility.  PepsiAmericas denies that the allegations contained in Paragraph 22

14  are full and accurate descriptions of the tanks located at the former Remco Hydraulics facility at

15  934 South Main Street, Willits, California.  PepsiAmericas admits that various portions of the

16  former Remco Hydraulics facility at 934 South Main Street, Willits, California were unpaved at

17  certain times in the past.  PepsiAmericas denies any remaining allegations contained in

18  Paragraph 22.

19          23.    PepsiAmericas admits that Remco produced items such as hydraulic and

20  pneumatic cylinders used in a variety of military and civilian applications.  PepsiAmericas

21  admits that processes conducted by various entities at various times at the former Remco

22  Hydraulics facility at 934 South Main Street, Willits, California included machining, welding,

23  sandblasting, painting, and chrome plating.  PepsiAmericas denies that the allegations contained

24  in Paragraph 23 are a full and accurate description of products produced at the former Remco

25  Hydraulics facility at 934 South Main Street, Willits, California.  PepsiAmericas lacks sufficient

26  information to form a belief as to the truth of the remaining allegations contained in Paragraph

27  23 and therefore denies them.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    24.    PepsiAmericas admits that processes conducted by various entities at

2  various times at the former Remco Hydraulics facility at 934 South Main Street, Willits,

3  California included machining, welding, sandblasting, painting, and chrome plating.

4  PepsiAmericas denies that the allegations contained in Paragraph 24 are a full and accurate

5  description of products produced at the former Remco Hydraulics facility at 934 South Main

6  Street, Willits, California.  PepsiAmericas lacks sufficient information to form a belief as to the

7  truth of the remaining allegations contained in Paragraph 24 and therefore denies them.

8    25.    PepsiAmericas admits that certain of the processes conducted by various

9  entities at various times at the former Remco Hydraulics facility at 934 South Main Street,

10  Willits, California created waste.  PepsiAmericas admits that the processes conducted by various

11  entities at various times at the former Remco Hydraulics facility at 934 South Main Street,

12  Willits, California included use of lubricating oils, cutting oils, hydraulic oils, coolants, caustic

13  baths, solvents, various acids and metals (including chrome).  PepsiAmericas denies the

14  remaining allegations contained in Paragraph 25.

15    26.    PepsiAmericas admits that hydraulic fluids used to test the finished

16  cylinders sometimes became contaminated and could not be reused.  These fluids were put into

17  55 gallon drums and transferred to the 5,000 gallon waste coolant tank to await pick up.  These

18  large waste tanks for coolants and oil were installed in 1982.  Prior to that, metal drums were

19  used to collect liquid wastes.  These were stored outside until 25-30 drums had accumulated and

20  a pick-up would be scheduled.  IT Corporation hauled these wastes to its Class 1 disposal site in

21  Martinez since 1974.  Prior to 1974, coolants were discarded into the outside sump which was

22  pumped and hauled by Page Septic Service to a dump site on his property about three (3) miles

23  north and east of the city.  PepsiAmericas denies any remaining allegations contained in

24  Paragraph 26.

25    27.    PepsiAmericas admits that the machine shops generated two types of

26  waste, lubricating oils and coolants, and certain solvents were used at certain times.  Coolants

27  used during the machining process were collected by a sump in the body of the machine and

28  recycled.  When the coolants were spent, they were drained into 55 gallon drums and transferred

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1   to the 5,000 gallon waste coolant tank in the paved, bermed area out back. Coolants were also

2   collected in pans placed under the bins of oil coated scrap that were generated by the machining

3   process. The collected oil was added to the waste tank out back. PepsiAmericas denies the

4   remaining allegations of Paragraph 27.

5         28.    PepsiAmericas admits that the plating area generated waste, that chromic

6   acid was used in plating hydraulic cylinders at the former Remco Hydraulics facility at 934

7   South Main Street, Willits, California, that there were initially two waste streams from this area:

8   the actual chromic acid rinsewaters and the cooling water circulated through the cooling coils

9   that lined the plating tanks and vessels, and that uncontaminated cooling water originally

10  discharged to the storm drain system. PepsiAmericas admits that in August 1981 a pinhole leak

11  in one of the cooling coils contaminated the cooling water with chromic acid which ended up in

12  the creek. About 25,000 gallons of contaminated creek water was pumped and hauled off-site.

13  After this incident, Remco installed a sump to collect the bleed off water. PepsiAmericas denies

14  the remaining allegations contained in Paragraph 28.

15        29.    PepsiAmericas admits that chrome plating rinse water was collected in a

16  steel-lined concrete sump under the two above-ground horizontal chrome plating tanks, that IT

17  Corporation hauled some such waste to a licensed Class I hazardous waste disposal site, and that

18  some such waste was hauled by Page Septic Service. PepsiAmericas denies the accuracy of the

19  remaining allegations in Paragraph 29, and therefore denies them.

20        30.    PepsiAmericas denies each and every allegation of Paragraph 30.

21        31.    PepsiAmericas admits that there were some citizen complaints of

22  contamination reaching Baechtel Creek and that Remco addressed any such contamination.

23  PepsiAmericas denies the remaining allegations of Paragraph 31.

24        32.    PepsiAmericas admits that a Water Board document includes the quoted

25  statement but denies that this statement was a Water Board "finding" and denies that Paragraph

26  32 contains a full and accurate description of that Water Board document or the events it

27  describes. PepsiAmericas denies the remaining allegations contained in Paragraph 32.

28        33.    PepsiAmericas admits the allegations contained in Paragraph 33.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    34.    PepsiAmericas admits that a Water Board document includes the quoted

2    statement but denies that this statement was a Water Board "finding" and denies that Paragraph

3    34 contains a full and accurate description of that Water Board document or the events it

4    describes.  PepsiAmericas denies the remaining allegations contained in Paragraph 34.

5    35.    PepsiAmericas admits that a Water Board document includes the quoted

6    statement but denies that this statement was a Water Board "finding" and denies that Paragraph

7    35 contains a full and accurate description of that Water Board document or the events it

8    describes.  PepsiAmericas denies the remaining allegations contained in Paragraph 35.

9    36.    PepsiAmericas admits that a rod fell into a chrome tank at the former

10   Remco Hydraulics facility at 934 South Main Street, Willits, California in 1982.  PepsiAmericas

11   is without sufficient information to form a belief as to the truth of the remaining allegations

12   contained in Paragraph 36 and therefore denies them.

13   37.    PepsiAmericas admits that a Water Board document includes the quoted

14   statement but denies that Paragraph 37 contains a full and accurate description of that Water

15   Board document or the events it describes.  PepsiAmericas denies the remaining allegations

16   contained in Paragraph 37.

17   38.    PepsiAmericas admits that the Remco plant management began to develop

18   a Spill Prevention, Control, and Countermeasure Plan in 1982, that various monitoring wells

19   were installed around the facility in 1982, and that the Regional Water Quality Control Board

20   adopted Monitoring and Reporting Program No. 83-11 on April 28, 1983, but denies that

21   Paragraph 38 contains a full and accurate description of Order No. 83-11.  PepsiAmericas denies

22   the remaining allegations contained in Paragraph 38.

23   39.    PepsiAmericas is without knowledge or information sufficient to form a

24   belief as to the truth of the alleged date, November 5, 1985.  PepsiAmericas denies that

25   Paragraph 39 contains a full and accurate description of events at the former Remco Hydraulics

26   facility at 934 South Main Street, Willits, California.  PepsiAmericas denies the remaining

27   allegations contained in Paragraph 39.

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    40.    PepsiAmericas is without knowledge or information sufficient to form a

2  belief as to the truth of the allegations regarding the DOHS Contact Report, but denies that a

3  violation occurred.  PepsiAmericas denies the remaining allegations contained in Paragraph 40.

4    41.    PepsiAmericas denies the allegations contained in Paragraph 41.

5    42.    PepsiAmericas admits that Cleanup and Abatement Order No. 90-10 was

6  issued but denies that Paragraph 42 contains a full and accurate description of Order No. 90-10.

7  PepsiAmericas denies the remaining allegations contained in Paragraph 42.

8    43.    PepsiAmericas denies the allegations contained in Paragraph 43.

9    44.    PepsiAmericas admits that Mendocino County Department of Public

10  Health issued a "Notice of Possible Contamination of Your Well" dated March 13, 1991, and

11  posted it on numerous homes near the former Remco Hydraulics facility at 934 South Main

12  Street, Willits, California.  PepsiAmericas is without sufficient information to form a belief as to

13  the truth of the remaining allegations contained in Paragraph 44 and therefore denies them.

14    45.    PepsiAmericas admits that Cleanup and Abatement Order No. 91-70 was

15  issued but denies that Paragraph 45 contains a full and accurate description of Order No. 91-70.

16  PepsiAmericas denies the remaining allegations contained in Paragraph 45.

17    46.    PepsiAmericas admits that the DTSC conducted an inspection of Remco

18  on or about August 14-15, 1991, and contended that violations of California's hazardous waste

19  laws were observed.  PepsiAmericas denies the remaining allegations contained in Paragraph 46.

20    47.    PepsiAmericas is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations contained in Paragraph 47 and therefore denies them.

22    48.    PepsiAmericas is without knowledge or information sufficient to form a

23  belief as to the truth of the allegations contained in Paragraph 48 and therefore denies them.

24    49.    PepsiAmericas admits the allegations contained the first, second, fourth,

25  and fifth sentences of Paragraph 49, that the Regional Water Quality Control Board issued CAO

26  No. 95-94, and that additional CAOs were issued in the late 1990s.  PepsiAmericas denies that

27  the Willits Environmental Remediation Trust is an agent of Pneumo Abex or Whitman, and

28  denies the remaining allegations contained in Paragraph 49.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1      50.     PepsiAmericas admits the allegations contained in Paragraph 50.

2      51.     PepsiAmericas admits that a consent decree was entered in Case No. C-

3  96-0283 (FMS) in August 1997, and that an Amended Final Consent Decree was entered in

4  December 2000.  PepsiAmericas denies that Plaintiffs have named the Willits Environmental

5  Remediation Trust as a defendant and that the Willits Environmental Remediation Trust is

6  Pneumo Abex's or Whitman's agent.  PepsiAmericas denies the remaining allegations contained

7  in Paragraph 51.

8      52.     PepsiAmericas is without knowledge or information sufficient to form a

9  belief as to the truth of the allegations contained in Paragraph 52 and therefore denies them.

10      53.     PepsiAmericas is without knowledge or information sufficient to form a

11  belief as to the truth of the allegations contained in Paragraph 53 and therefore denies them.

12      54.     PepsiAmericas admits that Plaintiffs have plead what they have plead.

13  PepsiAmericas denies the remaining allegations contained in Paragraph 54.

14      55.     PepsiAmericas admits that the City of Willits performed sampling in early

15  1998.  PepsiAmericas is without knowledge or information sufficient to form a belief as to the

16  truth of the remaining allegations in Paragraph 55, and therefore denies them.

17      56.     PepsiAmericas denies that Paragraph 56 contains a full and accurate

18  description of conditions at the former Remco Hydraulics facility at 934 South Main Street,

19  Willits, California.  PepsiAmericas denies the remaining allegations contained in Paragraph 56.

20      57.     PepsiAmericas denies that Paragraph 57 contains a full and accurate

21  description of the events and conditions at the former Remco Hydraulics facility at 934 South

22  Main Street, Willits, California.  PepsiAmericas denies the remaining allegations contained in

23  Paragraph 57.

24      58.     PepsiAmericas admits that the declaration of Dr. Anne Farr includes the

25  quoted language, but denies that Paragraph 58 contains a full and accurate description of the

26  declaration or of conditions at the former Remco Hydraulics facility at 934 South Main Street,

27  Willits, California.  PepsiAmericas denies the remaining allegations contained in Paragraph 58.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

1             59.      PepsiAmericas admits that the Regional Water Quality Control Board

2  issued Cleanup and Abatement Order No. 98-59, but denies that Order No. 98-59 was issued for

3  the purposes set forth in Paragraph 59 and denies that Paragraph 59 contains a full and accurate

4  description of Order No. 98-59. PepsiAmericas denies any remaining allegations contained in

5  Paragraph 59.

6             60.      PepsiAmericas denies the allegations contained in Paragraph 60.

7             61.      PepsiAmericas denies that Paragraph 61 contains a full and accurate

8  description of conditions at the former Remco Hydraulics facility at 934 South Main Street,

9  Willits, California. PepsiAmericas denies the remaining allegations contained in Paragraph 61.

10             62.      PepsiAmericas admits that the Trust issued a Notice of Additional

11  Qualified Payment but denies that Paragraph 62 contains a full and accurate description of the

12  Notice of Additional Qualified Payment. PepsiAmericas denies the remaining allegations

13  contained in Paragraph 62.

14             63.      PepsiAmericas denies the allegation contained in the last sentence of

15  Paragraph 63. PepsiAmericas is without knowledge or information sufficient to form a belief as

16  to the truth of the remaining allegations contained in Paragraph 63.

17

18             64.      PepsiAmericas denies each and every allegation contained in Paragraph

19  64.

20             65.      PepsiAmericas denies each and every allegation contained in Paragraph

21  65.

22                              **FIRST CAUSE OF ACTION**

23                              (Negligence – All Defendants)

24             66.      PepsiAmericas incorporates its answers to Paragraphs 1 through 65 as

25  though fully set forth herein.

26             67.      PepsiAmericas denies each and every allegation contained in Paragraph

27  67.

28

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    68.    PepsiAmericas denies each and every allegation contained in Paragraph

2    68.

3    ## SECOND CAUSE OF ACTION

4    (Negligence Per Se Against Defendants – All Defendants)

5    69.    PepsiAmericas incorporates its answers to Paragraphs 1 through 68 as

6    though fully set forth herein.

7    70.    PepsiAmericas denies each and every allegation contained in Paragraph

8    70.

9    71.    PepsiAmericas denies each and every allegation contained in Paragraph

10    71.

11    72.    PepsiAmericas states that the allegations contained in Paragraph 72 are

12    conclusions of law to which no responses are required.  PepsiAmericas admits that the statute

13    includes the quoted language, but denies that Paragraph 72 contains a full and accurate

14    description of the statute.

15    73.    PepsiAmericas denies each and every allegation contained in Paragraph

16    73.

17    74.    PepsiAmericas denies that it failed to submit any required report to state or

18    federal agencies relating to migration and seepage of toxic substances from the former Remco

19    Hydraulics facility at 934 South Main Street, Willits, California to navigable waters.

20    75.    PepsiAmericas denies each and every allegation contained in Paragraph

21    75.

22    76.    PepsiAmericas states that the allegations contained in Paragraph 76 are

23    conclusions of law to which no responses are required, but to the extent a response is required,

24    PepsiAmericas denies the allegations.

25    77.    PepsiAmericas denies each and every allegation contained in Paragraph

26    77.

27    78.    PepsiAmericas denies each and every allegation contained in Paragraph

28    78.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

**THIRD CAUSE OF ACTION**

2

(Intentional Infliction of Emotional Distress – All Defendants)

3            79.    PepsiAmericas incorporates its answers to Paragraphs 1 through 78 as

4    though fully set forth herein.

5            80.    PepsiAmericas denies each and every allegation contained in Paragraph

6    80.

7            81.    PepsiAmericas denies each and every allegation contained in Paragraph

8    81.

9            82.    PepsiAmericas denies each and every allegation contained in Paragraph

10    82.

11            83.    PepsiAmericas denies each and every allegation contained in Paragraph

12    83.

13            84.    PepsiAmericas denies each and every allegation contained in Paragraph

14    84.

15

**FOURTH CAUSE OF ACTION**

16

(Negligence Causing Fear of Cancer or Other Injury – All Defendants)

17            85.    PepsiAmericas incorporates its answers to Paragraphs 1 through 84 as

18    though fully set forth herein.

19            86.    PepsiAmericas denies each and every allegation contained in Paragraph

20    86.

21            87.    PepsiAmericas denies each and every allegation contained in Paragraph

22    87.

23            88.    PepsiAmericas denies each and every allegation contained in Paragraph

24    88.

25

**FIFTH CAUSE OF ACTION**

26

(Strict Liability – All Defendants)

27            89.    PepsiAmericas incorporates its answers to Paragraphs 1 through 88 as

28    though fully set forth herein.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

13

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    90. PepsiAmericas denies each and every allegation contained in Paragraph

2 90.

3    91. PepsiAmericas denies each and every allegation contained in Paragraph

4 91.

5          **SIXTH CAUSE OF ACTION**

6        (Nuisance – All Defendants)

7    92. PepsiAmericas incorporates its answers to Paragraphs 1 through 91 as

8 though fully set forth herein.

9    93. PepsiAmericas denies each and every allegation contained in Paragraph

10 93.

11    94. PepsiAmericas denies each and every allegation contained in Paragraph

12 94.

13         **SEVENTH CAUSE OF ACTION**

14      (Fraudulent Concealment – All Defendants)

15    95. PepsiAmericas incorporates its answers to Paragraphs 1 through 94 as

16 though fully set forth herein.

17    96. PepsiAmericas denies each and every allegation contained in Paragraph

18 96.

19    97. PepsiAmericas denies each and every allegation contained in Paragraph

20 97.

21         **EIGHTH CAUSE OF ACTION**

22      (Gross Negligence – All Defendants)

23    98. PepsiAmericas incorporates its answers to Paragraphs 1 through 97 as

24 though fully set forth herein.

25    99. PepsiAmericas denies each and every allegation contained in Paragraph

26 99.

27    100. PepsiAmericas denies each and every allegation contained in Paragraph

28 100.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1    101. PepsiAmericas denies each and every allegation contained in Paragraph
2    101.

3    **NINTH CAUSE OF ACTION**

4    (Loss of Consortium – All Defendants)

5    102. PepsiAmericas incorporates its answers to Paragraphs 1 through 101 as
6    though fully set forth herein.

7    103. PepsiAmericas denies each and every allegation contained in Paragraph
8    103.

9    104. Plaintiffs assert what they assert. No response is required by
10   PepsiAmericas.

11   105. PepsiAmericas denies each and every allegation contained in Paragraph
12   105.

13   106. PepsiAmericas denies each and every allegation contained in Paragraph
14   106.

15   **TENTH CAUSE OF ACTION**

16   (Battery – All Defendants)

17   107. PepsiAmericas incorporates its answers to Paragraphs 1 through 106 as
18   though fully set forth herein.

19   108. PepsiAmericas denies each and every allegation contained in Paragraph
20   108.

21   109. PepsiAmericas denies each and every allegation contained in Paragraph
22   109.

23   110. PepsiAmericas denies each and every allegation contained in Paragraph
24   110.

25   111. PepsiAmericas denies each and every allegation contained in Paragraph
26   111.

27   112. PepsiAmericas denies each and every allegation contained in Paragraph
28   112.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH CAUSE OF ACTION

### (Toxic Trespass – All Defendants)

113.   PepsiAmericas incorporates its answers to Paragraphs 1 through 112 as though fully set forth herein.

114.   PepsiAmericas denies each and every allegation contained in Paragraph 114.

115.   PepsiAmericas denies each and every allegation contained in Paragraph 115.

116.   PepsiAmericas denies each and every allegation contained in Paragraph 116.

117.   PepsiAmericas denies each and every allegation contained in Paragraph 117.

118.   PepsiAmericas denies each and every allegation contained in Paragraph 118.

## TWELFTH CAUSE OF ACTION

### (Willful Misconduct-All Defendants)

119.   PepsiAmericas incorporates its answers to Paragraphs 1 through 118 as though fully set forth herein.

120.   Plaintiffs omitted paragraph 120 from their Complaint so no response is required.

121.   PepsiAmericas denies each and every allegation contained in Paragraph 121.

122.   PepsiAmericas denies each and every allegation contained in Paragraph 122.

123.   PepsiAmericas denies each and every allegation contained in Paragraph 123.

//

//

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

**THIRTEENTH CAUSE OF ACTION**

2

(Malicious Toxic Contamination—All Defendants)

3          124.    PepsiAmericas incorporates its answers to Paragraphs 1 through 123 as

4  though fully set forth herein.

5          125.    PepsiAmericas denies each and every allegation contained in Paragraph

6  125.

7          126.    PepsiAmericas denies each and every allegation contained in Paragraph

8  126.

9          127.    PepsiAmericas denies each and every allegation contained in Paragraph

10  127.

11

**PRAYER FOR RELIEF**

12          To the extent that the prayer for relief contains any factual allegations,

13  PepsiAmericas denies such factual allegations.  PepsiAmericas denies that it is liable for any of

14  the relief sought in Plaintiffs' prayer for relief.

15

16

**PEPSIAMERICAS' AFFIRMATIVE DEFENSES**

17          PepsiAmericas hereby asserts the following affirmative defenses without

18  assuming the burden of proof for issues where the burden would not ordinarily be upon the

19  responding party.

20

**First Affirmative Defense**

21

**(Failure to State a Cause of Action)**

22          One of more of the causes of action asserted in the First Amended Complaint fails

23  to state a claim for which relief can be granted against PepsiAmericas.

24

**Second Affirmative Defense**

25

**(Statute of Limitation)**

26          Plaintiffs' claims are barred by the applicable statutes of limitation and statutes of

27  repose.

28  //

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

17

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

## Third Affirmative Defense

2

### (Workman's Compensation)

3

Plaintiffs' claims are barred by the applicable workman's compensation statutes.

4

## Fourth Affirmative Defense

5

### (Unforeseeability)

6

Any injury that Plaintiffs might have suffered was unforeseeable.

7

## Fifth Affirmative Defense

8

### (Conformance with Statute, Regulations, and Industry Standards)

9

PepsiAmericas' activities conformed with and were pursuant to statutes,

10

government regulations, and industry standards based upon the state of knowledge existing at the

11

time of the activities.

12

## Sixth Affirmative Defense

13

### (Failure to Mitigate Damages)

14

Plaintiffs failed to mitigate their alleged damages.

15

## Seventh Affirmative Defense

16

### (Assumption of Risk)

17

Plaintiffs knowingly and voluntarily assumed the risk, if any, of the damages

18

alleged in the First Amended Complaint.

19

## Eighth Affirmative Defense

20

### (Intervening Acts)

21

Any injury suffered by Plaintiffs was the result of the subsequent and superceding

22

and intervening acts of some or all of the Plaintiffs, other third parties, and/or acts of God, all of

23

which caused the damages, if any, alleged in the First Amended Complaint.

24

## Ninth Affirmative Defense

25

### (Cause in Fact)

26

The conduct of PepsiAmericas was not the cause in fact of any damages alleged

27

in the First Amended Complaint.

28

//

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

18

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

**Tenth Affirmative Defense**

2

**(Proximate Cause/Substantial Factor)**

3            The conduct of PepsiAmericas was not the proximate cause of, or a substantial

4    factor in, any damages alleged in the First Amended Complaint.

5

**Eleventh Affirmative Defense**

6

**(Comparative and Contributory Negligence of Plaintiffs)**

7            The negligence and/or the intentional misconduct of Plaintiffs proximately caused

8    and/or was a substantial factor in whatever injuries or damages are alleged by Plaintiffs in the

9    First Amended Complaint.

10

**Twelfth Affirmative Defense**

11

**(Comparative and Contributory Negligence of Third Parties)**

12            The negligence and/or intentional misconduct of third parties proximately caused

13    and/or was a substantial factor in whatever injuries or damages are alleged by Plaintiffs in their

14    First Amended Complaint.

15

**Thirteenth Affirmative Defense**

16

**(Laches)**

17            By virtue of the Plaintiffs' unreasonable delay in commencing this action against

18    Defendants which delay has caused prejudice to PepsiAmericas, certain of the purported causes

19    of action asserted in the First Amended Complaint are barred by the doctrine of laches.

20

**Fourteenth Affirmative Defense**

21

**(Estoppel)**

22            Plaintiffs are estopped from asserting the claims alleged in the First Amended

23    Complaint by virtue of their acts, conduct, and omissions.

24

**Fifteenth Affirmative Defense**

25

**(Waiver)**

26            As a result of their acts, conduct, and omissions, Plaintiffs have waived their right

27    to assert the purported causes of action in the First Amended Complaint.

28    //

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

ANSWER OF DEFENDANT PEPSIAMERICAS TO
PLAINTIFFS' COMPLAINT
CASE NO. C-08-2742 SI

1

**Sixteenth Affirmative Defense**

2

**(No Basis for Attorneys' Fees)**

3

Plaintiffs may not recover all or a portion of their claimed attorneys' fees.

4

5

WHEREFORE, Defendants pray as follows:

6

A.    That Plaintiffs' claims for relief against PepsiAmericas are denied;

7

B.    That Plaintiffs' First Amended Complaint be dismissed in its entirety as

8

against PepsiAmericas;

9

C.    That PepsiAmericas be awarded its costs, expert consultant's fees,

10

witness' fees and reasonable attorneys' fees; and

11

D.    For such other relief as the Court deems just and proper.

12

13

Dated:  July 28, 2008                    Respectfully submitted,

14

15

LATHAM & WATKINS

16

Ernest J. Getto
Richard W. Raushenbush

17

Collie F. James
Holly J. Tate

18

19

By _____/s/_____

20

Holly J. Tate
Attorneys for Defendant

21

PepsiAmericas, Inc.

22

SF\665048.1

23

24

25

26

27

28