IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY WHITLOCK, *et al.*, | No. C 08-2742 SI |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR REVIEW OF TAXATION OF COSTS** |
| v. | |
| PEPSI AMERICAS, *et al.*, | |
| Defendants. | |

Plaintiffs' motion for review of the Clerk's taxation of costs is scheduled for a hearing on August 27, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing on this matter.

## LEGAL STANDARD

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts,

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal. Dec. 2, 1993). Upon motion for review of the Clerk's taxation of costs, the Clerk's actions may be reviewed by the Court. Fed. R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

If the district court wishes to depart from the presumption in favor of awarding costs, it must gives reasons for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. These factors include great economic disparity between the parties, and the losing party's limited financial resources. *Id.*

## DISCUSSION

In orders filed October 21, 2009 and January 26, 2010, the Court granted summary judgment in favor of defendants on the claims brought by plaintiffs Melissa Dalton and Leland Chalmers. The Court held that Ms. Dalton's claims were barred by the statute of limitations, and that because Mr. Chalmers worked at the Remco facility and never lived in Willits, his claims were barred by the Workers Compensation Act. Thereafter, pursuant to 28 U.S.C. § 1920 and Civil Local Rule 54-1, defendants filed a Bill of Costs seeking reimbursement for taxable costs incurred in this action in the amount of $1,304.80 from Ms. Dalton and $1,446.25 from Mr. Chalmers. These expenses were related to the costs of taking those plaintiffs' depositions. Plaintiffs filed objections to the Bill of Costs, asserting the Clerk should exercise its discretion and award no costs because of the important nature of this case, and plaintiffs' claimed inability to pay. On July 20, 2010, the Clerk issued an order taxing costs in the amount of $1,279.80 from Ms. Dalton and $1,403.75 from Mr. Chalmers.

Plaintiffs then filed the instant motion for review of the Clerk's taxation of costs. Plaintiffs' motion contends that the Court should deny defendant's Bill of Costs in its entirety because this case

"raises fundamental civil rights issues" and because plaintiffs are extremely poor. Both plaintiffs have submitted declarations stating that their only income is Social Security Disability Insurance, and that after paying for rent, utilities and basic necessities, there is no money remaining. Dalton Decl. ¶ 2; Chalmers Decl. ¶ 2.[1] Both plaintiffs state that they have no savings or other assets. Dalton Decl. ¶ 4; Chalmers Decl. ¶ 4. In addition, Ms. Dalton states that she has cancer. Dalton Decl. ¶ 3. Defendants oppose plaintiffs' motion on substantive and procedural grounds.

The Ninth Circuit has recognized that the district court may properly consider the losing party's ability to pay in deciding whether to award costs. *See Mexican-American Educators*, 231 F.3d at 593. Based upon plaintiffs' declarations regarding their financial resources, the Court finds it appropriate to exercise its discretion and reduce the total taxed costs by half, with Mr. Chalmer's taxed costs at $733.13 and Ms. Dalton's taxed costs at $652.40. While the Court is sympathetic to plaintiffs' position, the Court does not find it appropriate to entirely deny costs to defendants, as the depositions costs were incurred and are recoverable the applicable statutes and rules. Further, both plaintiffs were dismissed on statutory grounds that should have been anticipated by counsel and explained to plaintiffs prior to filing suit.[2]

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for review of the Clerk's taxation of costs is GRANTED IN PART. (Docket No. 134).

**IT IS SO ORDERED.**

Dated: August 25, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Defendants correctly note that when these declarations were originally filed, they did not comply with General Order 45 with regard to the signatures. Plaintiffs have since corrected the problem. In addition, plaintiffs' counsel did not meet and confer with defense counsel prior to filing the instant motion. In this case and the related cases, the Court has repeatedly reminded plaintiffs' counsel of the importance of complying with all applicable rules. The Court declines to find that plaintiffs have waived their objections. However, counsel is once again admonished to follow all applicable rules.

[2] It is incumbent on counsel to inform their clients of their potential liability for taxed costs in the event that defendants prevail. If plaintiffs' counsel has not already done so, the Court directs counsel to inform all of the plaintiffs in this action of this possibility.