UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY WHITLOCK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PEPSI AMERICAS, *et al.*, <br><br> Defendants. | Case No. 08-cv-02742-SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND SCHEDULING ORDER AND TO SUPPLEMENT EXPERT REPORTS AND SETTING FEBRUARY 27, 2015 CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 266 |

Currently before the Court is plaintiff's motion for leave to amend the scheduling order and to supplement her expert report. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for February 13, 2015.[1] Having carefully considered the papers submitted and finding good cause, the Court GRANTS plaintiff's motion for leave to amend the scheduling order and to supplement her expert report for the reasons set forth below.

The Court will hold a case management conference on **February 27, 2015, at 3:30 p.m**. to discuss discovery and other pretrial matters.

**BACKGROUND**

This lawsuit was filed on May 30, 2008, by thirty plaintiffs, including plaintiff Danielle Smith, who asserted various personal injuries and other claims alleged to have been caused by the Remco facility's emission of toxic chemicals, including hexavalent chromium. Plaintiff alleged

---

[1] Counsel have requested that the February 13, 2015 hearing date be continued. This order makes the continuance unnecessary.

1   that she suffered injuries, including reproductive ailments and multiple miscarriages, as a result of
2   her exposure to defendants' chemicals. Dkt. No. 266, Ex. 1 at 24. According to plaintiff, based
3   upon the scientific information available in 2010, plaintiff's medical expert, Dr. Vera Byers, M.D.,
4   was unable to attribute plaintiff's reproductive ailments and miscarriages to plaintiff's chemical
5   exposure, to a reasonable degree of medical certainty. *Id*., Ex. 2 at 4.

6   On April 22, 2011, defendants filed a motion to exclude in part the expert testimony of Dr.
7   Vera Byers, Dr. Rod O'Connor, and Dr. William Sawyer, as well as a motion for summary
8   judgment on plaintiff's claims. The Court granted the motion and entered summary judgment in
9   favor of defendants. Plaintiff appealed, and on May 16, 2013, the Ninth Circuit affirmed in part
10  and reversed in part, and reinstated plaintiff's personal injury claims based on exposure to
11  hexavalent chromium. Dkt. No. 239. The Ninth Circuit held, *inter alia*, that the Court had
12  improperly excluded certain of plaintiff's experts' opinions.

13  While plaintiff's case was on appeal, Dr. Linda Remy, Ph.D., plaintiffs' epidemiology
14  expert in the related case of *Avila v. REMCO* (Case No. 99-3941), prepared a report based on a
15  study she conducted through the University of California, San Francisco. In that report, Dr. Remy
16  examined, for the first time, "reproductive outcomes of pregnant women and their infants age less
17  than one year old who lived in Willits versus ROC [Rest of Mendocino County] during the natal
18  period over the 27 year span from 1983 to 2009." Dkt. No. 266, Ex. 3 at 21 ("2012 report"). Dr.
19  Remy found that women in Willits experienced significantly higher rates of miscarriages,
20  endometriosis, ovarian cysts, and other pregnancy related maladies compared to the rest of the
21  county. *Id.*

22  After the Ninth Circuit issued its May 16, 2013 decision, plaintiff's counsel asked Dr.
23  Byers to review plaintiff's case again. *Id*., Ex. 7 at 8. According to plaintiff, Dr. Byers began to
24  suspect that Dr. Remy's 2012 report regarding reproductive injuries was applicable to plaintiff,
25  and in June 2013 Dr. Byers contacted Dr. Remy. *Id*. At that time, Dr. Remy "advised that
26  although the data was striking," the 2012 report could not be reliably compared to plaintiff
27  because the data "had been collected for hospitalized patients, who by definition were 'sicker'"
28  than plaintiff. *Id*. at 8-9.

2

In May 2014, Dr. Remy received new Patient Discharge Data ("PDD") from the California Office of Statewide Health Planning and Development for 99 female plaintiffs in the various lawsuits regarding the Remco facility. Dkt. No. 268, Ex. 1 at 6. After receiving the PDD, Dr. Remy updated her analysis, and concluded for the first time that 62 of the plaintiffs identified in the database had statistically significantly higher rates of genitourinary and reproductive illness and procedures compared to the rest of the county. *Id*. at 9. This was the "first analysis to identify that risk of genitourinary conditions and early pregnancy termination was significantly elevated for the 1980 female cohort [plaintiff's cohort]….[I]n 2014, sufficient cases had accumulated to adequately express risk for [them]." *Id*. at 11. Dr. Byers called plaintiff in for an IME and re-reviewed her medical history. Dkt. 266, Ex. 7 at 9. Dr. Byers then notified plaintiff's counsel that based on Dr. Remy's new findings, she would be able to revise her expert report regarding plaintiff and could now opine that exposure to hexavalent chromium was a cause or substantial contributor to plaintiff's reproductive problems. *Id*.

On June 12, 2014, plaintiff's counsel notified defense counsel and the Court that they would seek to supplement the expert reports with this updated information. The parties then engaged in unsuccessful settlement efforts, and on December 19, 2014, plaintiff filed the instant motion seeking to amend the scheduling order and supplement the expert report.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed.R.Civ.P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (citing advisory committee notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might

3

supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*; *see, e.g.*, *C.F. ex rel Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 26(e)(1), a party must supplement an expert report if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed.R.Civ.P. 26(e)(1)(A). "The purpose of the rule is to prevent surprise or ambush at trial." *Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc.*, No. 06–1066, 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008).

## DISCUSSION

Plaintiff contends she has good cause to amend Dr. Byers' expert report because it is based on Dr. Remy's 2014 report, which contains new scientific information. Defendants argue plaintiff presents "no compelling" or "'new' facts or data that would provide good cause." Opp'n. 7.

The Court concludes that plaintiff has demonstrated good cause to permit the supplemental report, and that defendants will not be prejudiced by the amendment. Plaintiff has submitted the declaration of Dr. Remy, in which she explains that the data analyzed in her 2014 report is new, and that she could not have conducted that analysis earlier. The record also shows that Dr. Byers diligently updated her medical opinion based upon Dr. Remy's 2014 report, and it was only after Dr. Remy issued the 2014 report that Dr. Byers "became confident [about offering] an opinion that the exposure to Hexavalent Chromium was a cause or substantial contributor to Ms. Smith's reproductive problems." Dkt. No. 266, Ex. 7 at 9.

Defendants argue that they will be unduly prejudiced because they will be required to conduct additional discovery and engage in further motion practice, thus delaying this case. The Court finds that defendants will not be unduly prejudiced. Plaintiff is not adding a new legal theory or claim,[2] and instead is only supplementing an expert report to strengthen her claims of

---

[2] Defendants argue both that plaintiff is seeking to add "entirely new personal injury claims based on conditions that first developed over fifteen years ago and were known to her when she filed her claims in 2008," and that plaintiff seeks to revive claims "which her experts previously said lacked merit but now claim can be substantiated by purportedly 'new' data." Dkt. No. 267 at 6:1-5. The

4

reproductive injuries. Importantly, no trial date has been set in this case. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002) ("Thus, the timing of the motion in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise."). Defendants will have adequate opportunity to conduct any additional discovery necessitated by Dr. Byers' supplemental report. In contrast, if plaintiff's motion is denied, plaintiff will suffer extreme prejudice because she will not be permitted to rely on newly discovered evidence in support of her claims.

Finally, as plaintiff has shown that the existing expert report is "incomplete or incorrect," the Court finds that plaintiffs do have a duty to supplement that report under Rule 26(e)(1).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to amend the scheduling order and to supplement the expert report. Dkt. No. 266. The Court will hold a case management conference on February 27, 2015 at 3:30 p.m. In advance of filing the case management conference statement, the parties shall meet and confer regarding a discovery plan, and set forth that plan in the statement.

**IT IS SO ORDERED**.

Dated: February 11, 2015

SUSAN ILLSTON
United States District Judge

---

Court finds that plaintiff's claims are not new, and thus are not time-barred. It is undisputed that plaintiff claimed she suffered reproductive injuries on the initial medical questionnaire issued to all plaintiffs in this case. Dkt. No. 266, Ex. 1, at 24, 36.

5